THE ~GERMANIA FIRE INSURANCE CO. v. LOUISE .WERNER.

.A condition in a policy of fire insurance that it should be effective only "while the premises were occupied as a store and dwelling" is a mere condition subsequent; hence in an action on such policy, it was not erroneous, in the absence of fraud, to submit to the jury the question of whether a change in the use of a building and its subsequent nonoccupancy increased the risk of fire, nor to charge that if they found in the negative, the plaintiff policy holder would be entitled to a recovery. *Moody* v. *Insurance Co.* 52 Ohio St. 12, followed.

HOFFHEIMER, J.; FERRIS, J., and LITTLEFORD, J., concur.

Error to special term.

The action below was to recover the amount alleged to be ·due on a certain policy of insurance, issued by the Germania Fire Insurance Company, plaintiff in error, to one Stephan, insuring him against loss or damage by fire, from noon of May 26, 1900, until noon of May 26, 1903. The ·policy covered the property of said Stephan, located at 1525

Vine street, in the city of Cincinnati, "while occupied as a store and dwelling."

On September 13, 1902, Stephan sold his premises covered by said policy, to Louise Werner, the plaintiff below and defendant in error herein, assigning to her the policy aforesaid, which assignment and defendant insurance company's consent thereto were duly indorsed upon the policy. At the time of the assignment the premises were occupied as a saloon and dwelling, the change in the nature of the occupancy having been made without the knowledge or consent of defendant insurance company, who it seems was not advised of same until after a fire occurred on May 15, 1903. At the time of the fire and for a period of ten days prior thereto, the premises it seems were unoccupied and without the knowledge of the insurance company. Due notice of the fire and proofs of loss were filed within the required time. The company, however, refused payment, and accordingly suit was entered. The plaintiff below pleaded generally the performance of all conditions precedent and asked judgment for the amount set forth in the policy.

The defendant by answer admitted that it had entered into a contract of insurance with the plaintiff, and that the policy issued by it covered the premises only "while the premises were occupied as a store and dwelling."

Defendant also set up that the premises were not occupied as a store and dwelling at the time of the fire and also that they were wholly unoccupied. The plaintiff by reply denied generally all of the allegations of defendant's answer. The verdict was for the plaintiff below for the full amount of the policy and in due course judgment was rendered thereon. These proceedings are to reverse said judgment.

The errors complained of grow out of the view taken by the trial court of the issues made by the pleadings, the nature of which we have already adverted to. The alleged errors growing out of the giving of the plaintiff's special charge, and the refusal of the court to give defendant's special charge and the alleged error in the general charge

—all duly excepted to—depend for their determination up-
on the question, whether the court below was correct in
presenting to the jury for their consideration in the man-
ner in which he did, the issues made by the pleadings.

·The theory upon which the court below proceeded, was
that the clauses above referred to were conditions subse-
quent; that if the change from a store and dwelling to a sa-
loon increased the risk, and if non-occupancy increased the
risk, then they were available defenses, and if sustained by
the testimony, there could be no recovery on the policy, and
the court placed upon the defendant insurance company, the
burden of proving that the change in the nature of the
occupancy or non-occupancy increased the risk. In other
words, the court practically held that these pleadings pre-
sented two questions: (1) Did the change from a store and
dwelling increase the risk? (2) Did the non-occupancy of
the building increase the risk? And the jury were further
instructed that if they found that there was a change in
the nature of the occupancy, or if they found that there was
non-occupancy, and that the risk was not thereby increased,
that the plaintiff would thereby be entitled to a verdict.
Was this action of the court proper?

There was no question of fraud in this case, and it ap-
peared that the contract of insurance was made after the
enactment of Rev. Stat., 3643, otherwise known as the
Howland valued policy law. Upon reading the record
it will be seen that the testimony tended to show that the
policy insured the premises of plaintiff below against fire
loss, while same was occupied as a store and dwelling;
that when same was issued the premises were occupied as
a store and dwelling; that at the time of the fire they were
not occupied as a store and dwelling, and that for ten days
prior to and including the day of the fire, no one lived in
said premises, although it seems, in the part of the prem-
ises that had formerly been devoted to a saloon, there were
certain bar fixtures. It likewise appeared that the insur-
ance company assented to the assignment of the policy,
but there is no assent on the part of the company in writ-
ing, as to any change in the character of the occupancy.

In fact, there seems to have been no assent as to any change of occupancy whatever, on the part of the insurance company. Such being the nature of the evidence, it will be seen that the court below followed out the doctrine enunciated in *Moody* v. *Insurance Co.,* 52 Ohio St., 12 (38 N. E. Rep., 1011; 26 L. R. A., 313; 49 Am. St. Rep., 699), the third syllabus of which is as follows:

"When the action is upon such a policy, issued since the passage of the act of March 5, 1879, 'to regulate contracts of insurance on buildings and structures' (Rev. Stat., Secs. 3643, 3644), and there has been no intentional fraud on the part of the insured, an answer which alleges the breach of a condition that the insurer shall not be liable 'for loss or damage in or on vacant or unoccupied buildings unless consent to such vacancy or non-occupancy indorsed' on the policy, is insufficient unless it is also averred that the risk was thereby increased; and if the allegations of the answer be put in issue, whether the building insured became vacant, or unoccupied, or the risk was increased, are questions for the jury, upon both of which the defendant has the burden of proof."

So that in *Moody* v. *Insurance Co., supra,* we find that the question of vacancy was squarely before the court, and having found vacancy, the court read into the contract of insurance and made it a part thereof, the aforesaid Rev. Stat., 3643, and it placed the burden on the insurance company to show, not only the vacancy, but also increase of hazard. That is practically what the court did in the case at bar.

If the doctrine of this case is applicable to "vacancy," then by parity of reasoning it applies to mere change in the nature of the occupancy as well, in the absence of intentional fraud.

Now we are aware of the seeming conflict that exists on the questions here involved, even in our own courts. *Insurance Co.* v. *Wells,* 42 Ohio St., 519, seems to hold to the contrary. The fact that Judge McIlvaine did not call attention to Rev. Stat., 3643, is pointed out by Scribner, J.,

in *People's Mut. Fire Ins. Co.* v. *Bowersox*, 3 Circ. Dec., 218 (5 R., 444).

Judge Laubie, in *Dwelling House Ins. Co.* v. *Webster*, 4 Circ. Dec., 704 (7 R., 511), argues that the question of vacancy must have been before the court in *Insurance Co.* v. *Wells, supra,* because of the citation of *Sleeper* v. *Insurance Co.,* 56 N. H., 401, where Smith, J., who wrote the opinion, considers the effect of a statute of that state on a "vacancy" clause. And in *Milwaukee Mechanics' Ins. Co.* v. *Russell*, 65 Ohio St., 230 (62 N. E. Rep., 338; 56 L. R. A., 159), Judge Shauck in a dissenting opinion, Judge Davis concurring, points out that the doctrine of *Moody* v. *Insurance Co. supra,* has not been approved.

Whether therefore the doctrine of *Moody* v. *Insurance Co., supra,* shall be upheld, is a question that our supreme Court alone can determine. The court below followed the later expression of the Supreme Court (see also *Milwaukee Mechanics' Ins. Co.* v. *Russell, supra,* pages 256, 260; *Eureka Fire & M. Ins. Co.* v. *Baldwin,* 62 Ohio St., 368, 381, 382 (57 N. E. Rep., 57), and we think that we are similarly bound.

The theory, therefore, upon which the cause was submitted was correct under *Moody* v. *Insurance Co., supra,* and as the question of increase of hazards was fairly put to the jury and negatively answered necessarily under the verdict, and as there was sufficient testimony to warrant the finding, we are of opinion that there was no prejudicial error herein and the judgment must be affirmed.

*J. H. Cabell* and *J. L. Kohl,* for plaintiff.
..*Geo. W. Hengst* and *L. M. Mongan,* for defendant.